IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE BROWN | : JURY TRIAL DEMANDED |
| Plaintiff, | : HONORABLE EDUARDO C. ROBRENO |
| v. | : CIVIL ACTION |
| CARL STUBBS | : |
| Defendant. | : |
| | : NO. 09-4043 |

### PLAINTIFF'S PRETRIAL MEMORANDUM

I.   **NATURE OF ACTION AND JURISDICTION OF COURT**

Plaintiff's complaint arises from alleged violations of his Constitutional rights by Defendant Carl Stubbs and is brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction by virtue of the presence of federal questions.

II.   **BRIEF FACTUAL STATEMENT**

On or about March 18, 2005, Defendant Stubbs signed a criminal complaint accusing plaintiff of multiple crimes under Pennsylvania law. At some point before September 11, 2007, Defendant Stubbs signed an undated affidavit of probable cause. Based on this affidavit, a warrant was issued to Defendant Stubbs for the arrest of plaintiff. Plaintiff was subsequently arrested on or about September 11, 2007. On September 12, 2007, plaintiff's bail was set at a level beyond his ability to pay, and plaintiff was incarcerated until his charges were dismissed. Plaintiff's trial was delayed seven times because the prosecution was without evidence to proceed. On or about May 23, 2008, all charges against plaintiff were dismissed for lack of prosecution.

## III. DAMAGES

Plaintiff seeks monetary damages for emotional distress, humiliation, shame, embarrassment, anxiety, stress and the loss of his various rights of citizenship during the time of his wrongful incarceration. Additionally, plaintiff seeks reimbursement of legal fees incurred for his defense against the charges on which he was arrested.

## IV. WITNESSES

Plaintiff may call any witness identified by any other party. In addition, plaintiff may or will call the following witnesses:

(1) Willie Brown        (liability and damages)
    5824 Ludlow Street
    Philadelphia, PA 19139

(2) Carl Stubbs         (as on cross-examination; liability)
    c/o City of Philadelphia
    1515 Arch Street, 14th Floor
    Philadelphia, PA 19102

(3) Dr. Michael Feinberg (treating physician; damages)
    c/o Consortium
    5501 Chestnut Street
    Philadelphia, PA 19139

(4) Dr. Daniel M. Jones  (treating physician; damages)
    c/o Mercy Health Associates
    5630 Chestnut Street
    Philadelphia, PA 19139

(5) Ieasha Edwards       (liability and damages)
    5824 Ludlow Street
    Philadelphia, PA 19139

Plaintiff reserves the right to call at the time of trial any witnesses identified in defendant's pretrial memorandum.

## V. SCHEDULE OF EXHIBITS

2

| | |
|---|---|
| P-1 | Answers and Objections of Defendant Police Officer Stubbs to Plaintiff's Interrogatories – First Set |
| P-2 | Property Receipt # 2561684 (dated 2/18/2005) |
| P-3 | Investigation Report dated 3/10/05 |
| P-4 | 6 Property Receipts: # 2561667 (dated 2/10/05)<br># 2561680 (dated 2/17/05)<br># 2561681 (dated 2/18/05)<br># 2561682 (dated 2/18/05)<br># 2561683 (dated 2/18/02)<br># 2561685 (dated 2/18/05) |
| P-5 | Affidavit of Probable Cause for Arrest Warrant (undated) |
| P-6 | Warrant of Arrest (date illegible) |
| P-7 | Philadelphia Police Department Arrest Report |
| P-8 | Medical Records of Dr. Feinberg pertaining to the treatment of Willie Brown |
| P-9 | Medical Records of Dr. Daniel M. Jones pertaining to the treatment of Willie Brown |

Plaintiff reserves the right to introduce into evidence any document exchanged through discovery between the parties.

Plaintiff reserves the right to introduce into evidence any exhibits identified in defendant's pretrial memorandum.

## VI. ESTIMATED TRIAL LENGTH

Three days.

## VII. SPECIAL COMMENTS

### A. Defendant's Use of a "Confidential Informant"

In his Affidavit, Defendant Stubbs asserts as probable cause for plaintiff's arrest evidence obtained from a "confidential informant" more than two years before the arrest, including the

3

identification of plaintiff as the person who sold him illegal drugs. Because the veracity and reliability of information allegedly supplied by the confidential informant is a key issue in the case, plaintiff requested that defendant disclose all information relating to this confidential informant, including:

> (a) the length of time that this informant served as a confidential informant for the Philadelphia Police Department;
>
> (b) whether or not this informant still serves as a confidential informant for the Philadelphia Police Department;
>
> (c) if this informant no longer serves as a confidential informant for the Philadelphia Police Department, the reasons for and circumstances surrounding the termination of the relationship;
>
> (d) a list of each past occasion in which the informant gave information, including the circumstances surrounding each occasion and the result of each investigation into each occasion;
>
> (e) a detailed summary of all information or events upon which defendant bases his assertion in ¶ 3 his 2/17/05 Investigation Report that "C/I has been used in the past and has proven to be trustworthy and reliable."
>
> (f) any "file" or other information kept by either defendant or the Philadelphia Police Department regarding the confidential informant.

As part of this request, plaintiff's counsel offered to enter into a confidentiality agreement that would limit the disclosure of information regarding the confidential informant. Despite this offer of a confidentiality agreement, defendant has refused to supply any of the requested information. To date, defendant has not offered a legal justification for this position. Plaintiff previously filed a motion to compel answers to discovery. In its Order dated July 2, 2010, this Court ruled that "all [of defendant's] objections except as to privilege are waived." Plaintiff will seek an adverse inference instruction to the jury arising from defendant's failure to produce any information with respect to the confidential informant's veracity and reliability.

### B. Defendant Acted Under Color of State Law

Defendant has admitted that, at the time and place alleged, he was a City of Philadelphia Police Officer. Accordingly, plaintiff has proved the first element of his claim: that defendant acted under color of state law.

## VII. ADDITIONAL PRETIAL MEMORANDUM REQUIREMENTS OF THE HONORABLE EDUARDO C. ROBRENO

### A. Stipulations of Counsel

Plaintiff requests a stipulation of counsel that all documents exchanged during discovery are authentic.

### B. Objections

Plaintiff does not object to the admission of any document provided in discovery.

Plaintiff objects to any testimony regarding the veracity or reliability of the "confidential informant" and any evidence of any statements made by the confidential informant on the basis that they are hearsay.

### C. Deposition Testimony

Plaintiff anticipates that the use of deposition testimony at trial will be restricted to use for impeachment purposes.

Respectfully submitted,

_Gerald J. Williams, Esq._
GERALD J. WILLIAMS, ESQUIRE
PA I.D. No. 36418
Williams Cuker Berezofsky, LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
Tel:  (215) 557-0099
Fax:  (215) 557-0673
Email: gwilliams@wcblegal.com

Dated: November 19, 2010

## **CERTIFICATE OF SERVICE**

I, GERALD J. WILLIAMS, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiff's Pretrial Memorandum via U.S. First Class Mail, postage prepaid, upon the following counsel of record:

Margaret M. Fenerty
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

                                                                  _Gerald J. Williams, Esq._
                                                                  GERALD J. WILLIAMS

Dated: November 19, 2010